UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. KELLEY, | : | Case No. 2:23-cv-1391 |
| Plaintiff, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Elizabeth P. Deavers |
| ODRC DIRECTOR ANETTE CHAMBERS-SMITH, et al., | : | |
| Defendants. | : | |

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Belmont Correctional Institution, has filed a pro se civil rights complaint in this Court against defendants Annette Chambers-Smith, Alicia Hardwick, Kasey Plank, Michael Laytart, Joe Schifer, Mr. Diller, and the ODRC chief inspector. (*See* Doc. 1 at PageID 2-3). Plaintiff has paid the full filing fee.

Plaintiff has also filed a motion to amend his complaint (Doc. 2), which is hereby **GRANTED.** As discussed below, the amended complaint was filed by plaintiff to change the caption and civil cover sheet of the initial submission.

This matter is now before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Allegations in the Complaint

Plaintiff was previously located at the Marion Correctional Institution (MCI), with two other inmates, Henry Brown and Dana Gibson. (*See* Doc. 1 at PageID 1-2). Plaintiff asserts that they are "members of a protected class (African American)." (*Id.* at PageID 1). According to plaintiff, in August of 2020, plaintiff, Brown, and Gibson, were housed in MCI's Veterans Dorm. In response to escalating racial tension and discriminatory treatment, plaintiff alleges that he, along with Brown and Gibson, filed numerous complaints regarding alleged discriminatory treatment.

Plaintiff claims that he and others were retaliated against in violation of his First Amendment rights. In September and November of 2020, plaintiff alleges that Gibson was expelled from the Veterans Dorm in retaliation for filing numerous discrimination complaints. (*Id.* at PageID 4-5). Plaintiff also alleges that on September 8, 2021, Brown was fired from his job in the laundry department "for verbally exercising his First (1) Amend. Rights to the laundry department's supervisor, Mr. Diller, pertaining to the discriminatory treatment of African

Americans within (MCI's) Veteran's Dorm and the laundry department." (*Id.* at PageID 5). Between December 5 and 19, 2021 plaintiff claims that he, Brown, and Johnson made numerous complaints to the MCI staff. On December 20, 2021, he claims that defendants Michal Laytart and Joe Schifer changed their bed assignment in retaliation for the grievances, moving them to a less desirable location and replacing them with Caucasian, non-veteran inmates. (*Id.* at PageID 6-7). Plaintiff further alleges that in the following days, Laytart and Schifer—along with the Caucasian inmates—subjected plaintiff and the other African American residents to racial insults.

Plaintiff claims that he pursued complaints within the ODRC. (*Id.* at PageID 7). However, plaintiff alleges that defendant institutional inspector Kasey Plank, issued a final disposition which plaintiff claims "was premised on a racially biased one-sided investigation." (*Id.* at PageID 8). It appears from the complaint, that plaintiff did not receive a response to a subsequent appeal.

Plaintiff indicates that he executed a "hardship transfer" out of MCI. He claims that after being transferred to Belmont Correctional Institution, on February 8, 2023, he was gathering documents and making arrangements to retain an attorney for a scheduled April 1, 2023 parole board hearing. However, plaintiff claims that the hearing was rescheduled without any prior notice. Plaintiff claims he was awoken at 11PM on February 8, 2023 to attend the hearing nine hours later.

Finally, in March of 2023, it appears that plaintiff requested a section 1983 complaint form from the United States District Court. Plaintiff claims that the complaint was opened outside of his presence, copied, and disorganized. Plaintiff claims that he spent twenty to thirty minutes reorganizing the complaint into the correct order. (*Id.* at PageID 10-11).

Based on the above factual allegations, plaintiff brings four claims. First, plaintiff asserts First Amendment retaliation and Fourteenth Amendment equal protection claims against

4

defendants Plank, Laytart, Schifer, and Mr. Diller. Second, plaintiff claims that defendant ODRC chief inspector and inspector Plank violated his due process rights by failing to properly investigate and/or respond to the appeal of his grievances or complaints. Third, plaintiff claims that the Ohio Adult Parole Authority (APA) violated his due process rights by rescheduling his parole hearing. Finally, in claim four, plaintiff brings a failure-to-train claim against defendant ODRC director Chambers-Smith based on his allegation that she tacitly approved a pattern or practice of racial discrimination. (*See id.* at PageID 16-20).

Plaintiff seeks injunctive relief and money damages. (*See id.* at PageID 23).

**A. Analysis**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his First and Fourteenth Amendment claims against defendants Laytart and Schifer. Out of an abundance of caution, plaintiff may also proceed with his claim against defendant Chambers-Smith. These claims are deserving of further development and may proceed at this juncture.

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, the complaint should be limited to alleged violations of plaintiff's own rights. In the original complaint filed by plaintiff, plaintiff purported to bring a class action. (*See* Doc. 1 at PageID 1-2). The amended complaint—which includes the first page of the complaint and a civil cover sheet—alters the case caption to omit the reference to this action being a purported class action. (*See* Doc. 2). To the extent that plaintiff still intends to include Brown and Gibson as plaintiffs or pursue claims on their behalf, neither Brown or Gibson have signed the complaint and plaintiff is unable to pursue the claims of others. *See* Fed. R. Civ. P. 11; *Marcum v. Jones,*

No. 1:06-cv-108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (Dlott, J.) (and cases cited therein) (holding that the pro se inmate "may bring his own claims to federal court without counsel, but not the claims of others"). Therefore, the Court construes plaintiff as the sole plaintiff to this action and the complaint should be limited to alleged violations of plaintiff's own federal rights. *Cf. Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008).

The complaint should be dismissed against defendant Mr. Diller. Plaintiff's sole allegation against this defendant pertains to alleged retaliation against inmate Brown. Specifically, plaintiff claims that Diller fired Brown from his position in the laundry department in retaliation for exercising his First Amendment rights. (*See* Doc. 1, Complaint at PageID 5). As noted above, plaintiff may not pursue the claims of others. Absent any factual allegations suggesting that Diller violated plaintiff's rights, Diller should be dismissed as a defendant to this action.

Plaintiff's claims against the state officials for money damages are also subject to dismissal. As noted above, plaintiff seeks relief, in part, in the form of money damages. (*See* Doc. 1 at PageID 23). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions

against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named state defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Plaintiff's claims that defendant institutional inspector Plank and the ODRC chief inspector—who he alleges directed his complaint(s) to Plank—violated his constitutional rights in connection with the grievance process and investigation of his complaints are subject to dismissal. As noted above, in his second claim, plaintiff alleges that he pursued a complaint within the ODRC and that Plank failed to adequately investigate his claims/grievances. (*See* Doc. 1 at PageID 7-8). However, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff claims that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977

7

F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, plaintiff fails to state a claim upon which relief may be granted against defendant Plank, the ODRC chief inspector, or any other defendant to the extent that plaintiff complains about the grievance procedure, investigation, or appeal of his grievances or complaints.[1]

Plaintiff has also failed to state claim upon which relief may be granted based on his allegation that defendants' failure to respond to his grievances/appeals interfered with the exhaustion of his claims. (*See* Doc. 1 at PageID 14). While the Prison Litigation Reform Act's exhaustion requirement is "mandatory," with steps to exhaustion defined by the prison's grievance process, *Jones v. Bock*, 549 U.S. 199, 211 (2007), an inmate need only exhaust "available" remedies under the statute, not unavailable ones, *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). *See also Paolone v. Altiere*, No. 4:12CV1344, 2012 WL 5463871, at *3 (N.D. Ohio Nov. 8, 2012) ("A corrections officer therefore cannot prevent an inmate from proceeding to court by refusing to accept a grievance or an appeal.").

Plaintiff's allegations are also insufficient to state an actionable claim to the extent that he seeks to hold defendant liable under 42 U.S.C. § 1985. (*See* Doc. 1 at PageID 3). To plead a cause of action under § 1985, plaintiff must allege that the defendants conspired together for the purpose of depriving plaintiff of the equal protection of the laws; that the defendants committed an act in furtherance of the conspiracy that caused injury to plaintiff; and that the conspiracy was motivated by a racial, or other class-based, discriminatory animus. *See Bruggeman v. Paxton,* 15 F. App'x 202, 205 (6th Cir. 2001); *see also Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (and cases

---

[1] Plaintiff also includes Plank in his first claim, alleging that defendants discriminated and retaliated against him. (*See* Doc. 1 at PageID 11-13). However, absent any allegation plausibly suggesting that Plank directly retaliated or discriminated against plaintiff, plaintiff's retaliation and discrimination claim against Plank should also be dismissed.

8

cited therein). "The complaint thus must 'allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action.'" *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 367-68 (6th Cir. 2012) (quoting *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir. 1992), in turn quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)), *petition for cert. filed* (U.S. June 28, 2012) (No. 12-8). In addition, conspiracy claims must be pled with specificity; "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Id.* at 368 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). Here, plaintiff's allegations are insufficient to support any inference that the defendants were involved in a conspiracy, or in other words, that the defendants "shared a common discriminatory objective." *See id.* (citing *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996)). In the absence of such allegations, plaintiff fails to state a claim upon which relief may be granted under § 1985.

Finally, plaintiff's claim that the Ohio Adult Parole Authority (APA) violated his due process rights in connection with his February 8, 2023 parole hearing should also be dismissed. Plaintiff asserts that the APA "failed to meet its procedural due process notice requirement" in rescheduling his parole hearing from April 1, 2023 to February 8, 2023. (*See* Doc. 1 at PageID 15). However, plaintiff fails to state a claim upon which relief may be granted based on this claim because Ohio's discretionary parole system does not create a liberty interest upon which to base a procedural due process claim. "A Fourteenth Amendment procedural due process claim depends on the existence of a constitutionally cognizable liberty or property interest with which the state has interfered." *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "[T]he State of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system." *Id.*. The Sixth

9

Circuit has repeatedly noted that "there is no constitutional or inherent right of a convicted person to be conditionally released [e.g. paroled] before the expiration of a valid sentence." *Id.* (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, U.S. 1, 7 (1979)). Plaintiff's procedural due process claim should therefore be dismissed for failure to state a claim upon which relief may be granted. *See Banner v. Bradley*, No. 93-5329, 1994 WL 375895, at *3 (6th Cir. July 15, 1994) (holding that the district court properly dismissed the plaintiff's due process claim, finding "[w]e think it clear that a prisoner cannot have a federally protected right to a parole hearing where, as here, he does not have a federally protected liberty interest in parole"). Accordingly, the complaint should be dismissed as to defendant Hardwick, who plaintiff names as a defendant in connection with his due process claim.[2]

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint, as amended, be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b), with the exception of plaintiff's claims against defendants Laytart, Schifer, and Chambers-Smith.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

---

[2] Although plaintiff alleges "this most recent infringement by the Ohio (A.P.A.) upon the plaintiff Kelly's Fourteen (14) Amendment right is a link to the chain of previous constitutional violations against the plaintiff following a racial discrimination complaint he executed" (Doc. 1 at PageID 16), the complaint—aside from this conclusory allegation—includes no factual allegations to plausibly suggest that the APA was aware, much less motivated by, plaintiff's protected conduct in violation of plaintiff's First Amendment rights. *See Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011).

10

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to amend (Doc. 2) is **GRANTED.**

2. Because plaintiff paid the filing fee in this matter and is not proceeding *in forma pauperis*, plaintiff is responsible for having the summons and complaint served on defendants Laytart, Schifer, and Chambers-Smith within the time allowed by Fed. R. Civ. P. 4(m) and must furnish the necessary copies to the person who makes service. Fed. R. Civ. P. 4(c)(1). If plaintiff wishes to have to the Clerk of Court serve process, he shall submit to the Clerk of Court the following documents **within THIRTY (30) days**: a completed summons form, a copy of the complaint, and an addressed envelope bearing sufficient certified mail postage to serve the summons and complaint. Any questions regarding service should be directed to the Clerk of Court.

3. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served

with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date: May 30, 2023                                            s/ *Elizabeth A. Preston Deavers*
                                                                          Elizabeth A. Preston Deavers
                                                                          United States Magistrate Judge