IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM L. KELLEY,

    **Plaintiff,**

    v.

Civil Action 2:23-cv-1391
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

ANNETTE CHAMBERS-SMITH, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATIONS

This matter is before the Court upon review of Interested Part, State of Ohio and Served Defendants' Motion to Dismiss. (ECF No. 32 (the "Motion to Dismiss").) On April 9, 2024, Plaintiff filed Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss. (ECF No. 39.) For the following reasons it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**.

    **I.**     **BACKGROUND**

Plaintiff, an inmate at Belmont Correctional Institution ("BCI") under the supervision of the Ohio Department of Rehabilitation and Corrections ("ODRC"), initiated this action without the assistance of counsel on April 21, 2023. (ECF No. 1.) In his Complaint, Plaintiff brought four claims arising out of events he experienced while incarcerated at Marion Correctional Institute ("MCI"): (1) First Amendment retaliation and Fourteenth Amendment equal protection claims against Defendants Plank, Laytart, Schifer, and Diller, four officials at MCI; (2) a due process claim against Defendant Plank for failing to properly investigate and/or respond to the appeal of Plaintiff's grievances or complaints arising out of the alleged unlawful retaliation; (3) a

due process claim against the officials from the Adult Parole Authority ("APA") for rescheduling his parole hearing; and (4) a failure-to-train claim against Defendant Chambers-Smith, the Director of ODRC, based on his allegation that she tacitly approved a pattern or practice of racial discrimination. (*Id.*) On May 30, 2023, the Undersigned recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b), with the exception of Plaintiff's claims against Defendants Laytart, Schifer, and Chambers-Smith in their individual capacity. (ECF No. 3.) On July 6, 2023, the Court adopted the Undersigned's recommendation and dismissed Plaintiff's claims except Plaintiff's individual capacity claims against Defendants Chambers-Smith, Laytart, and Schifer. (ECF No. 10.)

On November 13, 2023, Defendants filed a motion to dismiss Plaintiff's Complaint. (ECF No. 14.) Plaintiff filed a response brief on December 18, 2023. (ECF No. 24.) Then, on December 27, 2023, Plaintiff filed Plaintiff's Civ. R. 15(d) Motion to Supplement Pleadings, seeking leave to file an amended complaint "to supplement his [operative Complaint] setting out additional Unconstitutional Occurences [sic] and Events that happened after the date of the filing of the Complaint." (ECF No. 25.) Defendants did not timely respond to the motion, so on January 18, 2024, the Court granted Plaintiff leave to file an amended complaint with the supplemental allegations. (ECF No. 27.)

On February 14, 2024, Plaintiff filed his Amended Complaint, which now serves as the operative Complaint. (ECF No. 30 (the "Amended Complaint").) In the Amended Complaint, Plaintiff claims against Defendants Chambers-Smith, Laytart, and Schifer, but also names the following BCI officials as new Defendants: Mr./Mrs. B. Wallace; Mr. D. Winland; Mr./Mrs. L. Smolira; and Mr./Mrs. RL Clark (hereafter collectively referred to as the "BCI Defendants"). (*Id.*) In addition to largely restating the factual allegations set forth in the original Complaint,

Plaintiff also now alleges that the BCI Defendants failed to process his legal mail from October 23, 2023 until November 8, 2023.  (*Id.* at PAGEID ## 278-280.)  Plaintiff alleges that the BCI Defendants did so as part of a "continued pattern of retaliation and harassment." (*Id.* at PAGEID # 283.)  As a result, Plaintiff's three causes of action in the Amended Complaint are as follows: (1) First Amendment retaliation and Fourteenth Amendment equal protection claims against Defendants Laytart and Schifer (Count One); (2) First Amendment retaliation and Fourteenth Amendment equal protection claims against the BCI Defendants (Count Two); and (3) a deliberate indifference claim against Defendant Chambers-Smith (Count Three).  (*Id.*)  Plaintiff seeks monetary damages against all Defendants, and also seeks an injunction "to stop any further [ODRC] Staff Harassment . . . deriving from the fact that [Plaintiff] has filed a lawsuit to vindicate his civil rights."  (*Id.* at PAGEID ## 286-288.)

On February 28, 2024, Defendants Laytart, Schiffer, and Chambers-Smith, together with the State of Ohio,[1] filed the subject Motion to Dismiss.  (ECF No. 32.)  On March 7, 2024, the Court granted Plaintiff until April 10, 2024 to respond to the Motion to Dismiss.  (ECF No. 34.)  On April 9, 2024, Plaintiff timely filed a memorandum in opposition to the Motion to Dismiss. (ECF No. 39.)  Defendants did not file a reply brief in further support of the Motion to Dismiss, so the matter is ripe for judicial review.

---

[1] It does not appear that Plaintiff has served the BCI Defendants.  Nevertheless, the Ohio Attorney General has filed the subject Motion to Dismiss to protect the State of Ohio's interest in this litigation, even though it does not appear that the BCI Defendants have executed the required representation paperwork.  Regardless, for ease of reference, the Undersigned will collectively refer to all Defendants as "Defendants," but also recognizes that the BCI Defendants have not been served and may still have their own defenses to assert in this action.

3

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio*

4

*Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

In the Motion to Dismiss, Defendants argue that the Court should dismiss the operative Amended Complaint in its entirety for the following reasons: (1) Plaintiff has failed to state a deliberate indifference claim against Defendant Chambers-Smith (Count Three); (2) Plaintiff has failed to state a claim against the BCI Defendants (Count Two); and (3) Plaintiff has not alleged enough to state retaliation or equal protection claims against Defendants Laytart and/or Schiffer (Count One).[2] The Court will address these arguments in reverse order, to stay consistent with how Plaintiff asserts his claims in the Amended Complaint.

**A.    Count One.**

Defendants' argument pertaining to Count One of the Amended Complaint is not well taken. The Undersigned already has found, and the presiding District Judge has agreed, that Plaintiff's claims against Defendants Laytart and Schiffer in their individual capacity "are

---

[2] Defendants make alternate arguments regarding whether Plaintiff is attempting to assert claims on behalf of other individuals. (*See generally* ECF No. 32.) The Undersigned does not so construe Plaintiff's Amended Complaint, as Plaintiff only lists himself as a Plaintiff and does not set forth any claims on behalf of a class. (*See* ECF No. 30; *see also* ECF No. 3 at PAGEID # 77 ("[T]he Court construes Plaintiff as the sole plaintiff to this action[.]").)

deserving of further development and may proceed at this juncture." (ECF No. 3 at PAGEID # 76.)  Plaintiff's allegations against these Defendants have not changed, and while the issue is now before the Court on a Motion to Dismiss rather than in an initial screen, the Undersigned's conclusion has not changed either.

To the extent Defendants believe that the Amended Complaint fails to provide any facts "suggesting that either Defendant Laytart or Schiffer knew anything about these alleged complaints, much less that they were motivated by them to transfer Plaintiff out of the Veteran's Dorm," the Undersigned disagrees. (ECF No. 32 at PAGEID # 314.)  To the contrary, Plaintiff specifically alleges that Defendants Laytart and Schiffer's actions were part of their "continued pattern of examples made against the African American population . . . for complaining about racial biases within the dorm." (ECF No. 30 at PAGEID # 276.)

The Undersigned also rejects Defendants' argument that Plaintiff has failed to allege an adverse action. (ECF No. 32 at PAGEID # 314.)  Liberally construing the Amended Complaint, Plaintiff has alleged that he was transferred to "a more hostile dorm" which subjected Plaintiff to "months of racially-based slurs and verbal attacks" as well as "physical altercation[s]" in which multiple inmates "squar[ed] off" against Plaintiff because of his race, which made Plaintiff fear for his life. (*See* ECF Nos. 30, 39.)  With these allegations, the Undersigned believes it is premature to determine as a matter of law whether Plaintiff's transfer constituted an adverse action – especially in the absence of any authority from Defendants to the contrary.  *See LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) ("Whether [Plaintiff's] transfer amounted to an adverse action for purposes of his retaliation claim, therefore, cannot be resolved at this stage.") (citing *Bell v. Johnson,* 308 F.3d 594, 603 (6th Cir. 2002)).

6

The Undersigned previously set out the elements of Plaintiff's claims against Defendants Laytart and Schiffer in their individual capacity at the initial screening phase, and concluded that they should proceed.  (ECF No. 3.)  Now, with even more allegations to support Plaintiff's claims, the Undersigned sees no reason to deviate from that original conclusion at this time – especially without the benefit of a reply brief from Defendants.  Accordingly, it is **RECOMMENDED** that the Court **DENY IN PART** the Motion Dismiss, ECF No. 32, as it pertains to Count One of Plaintiff's Amended Complaint, ECF No. 30.[3]

**B.** **Count Two.**

Defendants' arguments regarding Count Two of the Amended Complaint are well taken.  Even taking Plaintiff's allegations as true, as the Court must do at this stage of the proceedings, Plaintiff has failed to show any prejudice or actual injury as a result of the BCI Defendants' actions.  At most, Plaintiff alleges that he "was compelled to send an additional duplicate copy of [mail] . . . and ended up paying for two (2) packages to be sent out to the Court containing the exact same Legal Pleading."  (ECF No. 30 at PAGEID # 281.)  According to the documentation attached to Plaintiff's Amended Complaint, these packages cost $2.55 and $2.31, respectively, for a total of $4.86.  (ECF No. 30-1 at PAGEID # 292.)

Defendants' seven (7) day delay in processing Plaintiff's mail, and the ensuing minimal postage cost to Plaintiff, did not violate Plaintiff's constitutional rights.  The Sixth Circuit has repeatedly found, under similar circumstances, that inmates have failed to state a claim for denial of access to courts based on prison officials' alleged delay in processing outgoing legal mail.

---

[3] For the reasons discussed in the original Report and Recommendation, Defendants Laytart and Schiffer are immune from suit in their official capacities to the extent that Plaintiff seeks monetary damages.  (*See* ECF No. 3 at PAGEID # 78.)  Accordingly, to the extent Plaintiff seeks monetary damages against these Defendants in their official capacity, it is **RECOMMENDED** that the Court **DISMISS** such claims.

*See, e.g. Smith v. Campbell,* 113 F. App'x 75, 87 (6th Cir. 2004) (holding that state prison official did not violate inmate's right of access to courts by withholding item of legal mail for 25 days where the inmate did not explain what the case was about or indicate that it involved his conviction or confinement); *Truss—El v. Bouchard,* 103 F. App'x 575, 577 (6th Cir. 2004) (finding inmate had no claim against prison officials based on alleged interference with his legal mail where he did not demonstrate any prejudice to pending or contemplated litigation); *Smith—El v. Steward,* 33 F. App'x 714, 717 (6th Cir. 2002) (finding inmate failed to state claim for denial of access to courts where he did not establish that he was prejudiced by prison officials' delay in mailing his legal work).  As Defendants correctly observe, Plaintiff has not alleged that he suffered any prejudice as a result – he only has alleged that "he was compelled to send an additional duplicate copy" to the Court.  (ECF No. 30 at PAGEID # 281.)  Plaintiff does not allege that he missed a court deadline, nor that his ability to litigate has been prejudiced in any material way.  His allegations therefore fall short.

Additionally, to the extent Plaintiff also intends to assert a claim based on his First Amendment right to send mail, that claim is also without merit.  While prisoners have a First Amendment right to send mail, "random and isolated interference" with a prisoner's mail does "not violate his constitutional rights." *Johnson v. Wilkinson,* 229 F.3d 1152 (6th Cir. 2000); s*ee also Dearing v. Mahalma,* Case No. 1:11-cv-204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011); *Rodgers v. Hawley,* 14 F. App'x 403, 412 (6th Cir. 2001).  Although the incidents described by Plaintiff in the Amended Complaint undoubtedly were frustrating, Plaintiff has failed to set forth any allegations to establish that they were anything more than random and isolated events.  They therefore fail to rise to the level of a constitutional violation.  Accordingly,

8

it is **RECOMMENDED** that the Court **GRANT IN PART** the Motion Dismiss, ECF No. 32, as it pertains to Count Two of Plaintiff's Amended Complaint, ECF No. 30.

**C.     Count Three.**

Finally, Defendants' arguments regarding Count Three of the Amended Complaint are similarly well taken.  Plaintiff alleges that Defendant Chambers-Smith was "deliberately indifferent to the constitutional rights of the Plaintiff for the past three (3) years in a pattern manner."  (ECF No. 30 at PAGEID # 284.)  Specifically, Plaintiff alleges that between December 2021 and February 2022, Plaintiff attempted to reach out to Defendant Chambers-Smith through the National Action Network ("NAN"), "for the purpose of [Defendant Chambers-Smith] putting a stop to the hostile and dangerous situation before someone got seriously or fatally injured."  (*Id.* at PAGEID # 277.)  Plaintiff alleges that Defendant Chambers-Smith "ignor[ed] the [NAN's] pleas for action and turn[ed] a blind-eye to the racially-biased and hostile situation" at MCI, and that Plaintiff requested a hardship transfer away from MCI as a result.  (*Id.* at PAGEID ## 277-278.)

These allegations, even taken as true, do not state a claim against Defendant Chambers-Smith upon which relief can be granted.  At most, Plaintiff's allegations suggest that Defendant Chambers-Smith had knowledge of Plaintiff's concerns.[4]  But Plaintiff does not make any specific allegations about Chambers-Smith's conduct, beyond the factual allegation that she was aware of Plaintiff's grievances and "turn[ed] a blind eye." (*Id.* at PAGEID # 277.)  This is insufficient to state a plausible claim for relief.  Moreover, to the extent Plaintiff attempts to

---

[4] It is unclear whether Plaintiff even alleges that Defendant Chambers-Smith received NAN's correspondence.  For the sake of the Report and Recommendations, the Undersigned will liberally construe Plaintiff's allegations and assume that she did, and therefore was at least somewhat aware of Plaintiff's complaints regarding the conditions at BCI.

assert a supervisory liability claim against Defendant Chambers-Smith, supervisors cannot be liable for a § 1983 claim "premised solely on a theory of respondeat superior, or the right to control employees." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (citation omitted). The Court of Appeals for the Sixth Circuit has held that to be liable under § 1983, a supervisor must at least implicitly authorize, approve, or knowingly acquiesce in the unconstitutional conduct of the offending officers. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A failure to supervise, control, or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Id.* (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.3d 869, 874 (6th Cir. 1982)). Here, Plaintiff fails to make any factual allegations that would support even an inference that Defendant Chambers-Smith *directed* or *participated* in the alleged misconduct.

Additionally, even if Plaintiff had sufficiently alleged that Defendant Chambers-Smith played more than a passive role in the purported constitutional violation, Plaintiff has not pleaded sufficient facts to satisfy the subjective prong of a deliberate indifference claim. Plaintiff does not allege any facts regarding Defendant Chambers-Smith's state of mind, which dooms his claim. *Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) ("To satisfy the subjective component, the defendant must possess a 'sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'") (quoting *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)). Finally, even if Defendant Chambers-Smith was aware of Plaintiff's grievances, the Sixth Circuit has held that prison officials whose only role involves the denial of administrative grievances and a failure to remedy the alleged wrongful behavior cannot be liable under § 1983. *Shehee*, 199 F.3d at 300. Plaintiff therefore fails to plausibly allege any facts that would satisfy the

10

subjective prong of a deliberate indifference claim. Accordingly, it is **RECOMMENDED** that the Court **GRANT IN PART** the Motion Dismiss, ECF No. 32, as it pertains to Count Three of Plaintiff's Amended Complaint, ECF No. 30.

## IV. CONCLUSION

For the reasons stated above, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss, ECF No. 26, be **GRANTED IN PART** and **DENIED IN PART**. Specifically, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Amended Complaint, ECF No. 30, with the exception of Count One against Defendants Laytart and Schiffer in their individual capacity.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendations, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendations, specifically designating this Report and Recommendations, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendations will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: August 13, 2024**       /s/ *Elizabeth A. Preston Deavers*
                                **ELIZABETH A. PRESTON DEAVERS**
                                **UNITED STATES MAGISTRATE JUDGE**