IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William L. Kelley,

    Plaintiff,

v.

Annette Chambers-Smith, *et al.*,

    Defendants.

Case No. 2:23-cv-1391
Judge James L. Graham
Magistrate Judge Deavers

Opinion and Order

  Plaintiff William L. Kelley brings this action *pro se* under 42 U.S.C. § 1983, alleging that his civil rights were violated while incarcerated at certain correctional institutions in the State of Ohio. This matter is before the Court on plaintiff's objections to the Magistrate Judge's August 13, 2024 Report and Recommendation. The Magistrate Judge recommended that Counts Two and Three of the Amended Complaint be dismissed for failure to state a claim. For the reasons stated above, the Court overrules the objections to the Report and Recommendation.

**I. Plaintiff's Claims**

  At the core of plaintiff's Original Complaint and Amended Complaint are his allegations that he is an African American who was subjected to racially discriminatory and retaliatory conduct in late 2021 and early 2022 while incarcerated at Marion Correctional Institution (MCI). He alleges that in December 2021, he made complaints to MCI staff about racial tension and discriminatory treatment in the veterans' dormitory where he was housed. In alleged retaliation for plaintiff's complaints, officials at MCI transferred him to a different dorm where they knew that he would be subjected to physical and verbal abuse because of his race.

  In Count One of the Amended Complaint, plaintiff alleges that his right to Equal Protection under the Fourteenth Amendment to the United States Constitution was violated and that he was subjected to retaliation for opposing racial discrimination at MCI. Named as defendants in Count One are MCI officials Michael Laytart and Joe Schifer, who allegedly engaged in discriminatory and retaliatory conduct against plaintiff. Laytart served as the case manager of MCI's veterans' dorm, and Schifer was the Sergeant of the dorm.

  In a previous Report and Recommendation, dated May 30, 2023, the Magistrate Judge found that the allegations in the Original Complaint were sufficient to state claims for discrimination and

1

retaliation against Laytart and Schifer in their individual capacities. Without objection, the Court adopted the May 30, 3023 Report and Recommendation. *See* Doc. 10. Those allegations now form the basis of Count One in the Amended Complaint

Count Two of the Amended Complaint alleges that after plaintiff was transferred to Belmont Correctional Institution (BCI) in 2023, officials at BCI failed to timely process his outgoing legal mail "addressed to the Ohio Supreme Court." Doc. 30 at PAGEID 281. Plaintiff gave his legal mail to the BCI mailroom on October 25, 2023, but it was not sent out until November 3, 2023. The delay allegedly caused plaintiff to feel compelled to mail his legal pleading a second time and incur the cost of additional postage.

Count Three of the Amended Complaint is asserted against Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction. Plaintiff alleges that Chambers-Smith has been deliberately indifferent to the violations of plaintiff's constitutional rights. Plaintiff alleges that he has attempted to reach Chambers-Smith through the "National Action Network" and Reverand Al Sharpton to alert her to the racially-hostile environment in Ohio's prisons, but she has taken no action to address the situation.

## II.     The Report and Recommendation

Defendants filed a motion to dismiss all three counts of the Amended Complaint. The Magistrate Judge recommended granting the motion to dismiss in part and denying it in part.

With respect to Count I, defendants argued that plaintiff failed to allege the existence of an adverse action. Specifically, they argued that plaintiff had not sufficiently alleged that discriminatory or retaliatory actions were taken against him. The Magistrate Judge disagreed and recited plaintiff's allegations that defendants Laytart and Schifer were aware of his complaints about the mistreatment of black inmates and that they intentionally transferred him to a dorm block where they knew he would be subjected to physical and verbal mistreatment because of his race. The Magistrate Judge found that these allegations were sufficient for Count One to survive the motion to dismiss. *See LaFountain v. Harry,* 716 F.3d 944, 948 (6th Cir. 2013).

Neither party has objected to this aspect of the Magistrate Judge's Report and Recommendation. Accordingly, the Court adopts the recommendation that defendants' motion to dismiss be denied as to Count One.

The Magistrate Judge recommended that Count Two be dismissed because plaintiff had not alleged that he suffered any actual prejudice from the seven day delay in the sending of his legal mail to the Ohio Supreme Court. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Plaintiff did

not allege that he was unable to file his pleadings or briefs or that he had missed a deadline. He alleged only that he felt compelled to mail duplicate copies and incurred a minimal expense for more postage.

Finally, the Magistrate Judge recommended that Court Three be dismissed for two reasons. First, she found that the plaintiff did not plausibly allege that Chambers-Smith participated in or directed the alleged misconduct by Laytart and Schifer against plaintiff. *See Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (supervisory officials cannot be liable for a § 1983 claim "premised solely on a theory of respondeat superior, or the right to control employees"); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Second, the Magistrate Judge found that plaintiff did not plead sufficient facts to satisfy the subjective prong of a deliberate indifference claim. "Plaintiff does not allege any facts regarding Defendant Chambers-Smith's state of mind, which dooms his claim." Doc. 40 , p. 10 (citing *Broyles v. Corr. Med. Servs., Inc.*, 478 Fed. App'x 971, 975 (6th Cir. 2012) ("To satisfy the subjective component, the defendant must possess a sufficiently culpable state of mind, rising above negligence or even gross negligence and being tantamount to intent to punish.") (internal quotation marks omitted)).

### III. Plaintiff's Objections

#### A. Count Two

Plaintiff contests the Magistrate Judge's conclusion that he failed to allege that he suffered actual prejudice from the delay in sending his legal mail. He states that he was "penalized by the Ohio Supreme Court." Doc. 47 at PAGEID 389. Attached to his objections is a December 12, 2023 letter he received from the Clerk of the Ohio Supreme Court. The letter states that a motion for reconsideration which plaintiff had submitted to the Ohio Supreme Court was "not filed because it is untimely." Doc. 47-1 (explaining that the motion for reconsideration was due by December 8, 2023, but not received until December 12, 2023).

The Amended Complaint did not identify the Ohio Supreme Court case for which plaintiff's legal mail was delayed. The letter now submitted by plaintiff identifies the case, *Kelley v. Gray*, Case No. 2023-1253, and this Court may take judicial notice of the docket of that case. *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 468 (6th Cir. 2014).

Plaintiff's case before the Ohio Supreme Court was docketed on October 3, 2023 as a petition for writ of habeas corpus. The next items on the docket are two filings by plaintiff on November 6: a motion to supplement and a motion to amend the habeas petition. The next entry is a November 28, 2023 order issued by the Ohio Supreme Court. The order denied plaintiff's

3

motions to supplement and amend, and it *sua sponte* dismissed his petition for habeas relief. Under Ohio Supreme Court Rule of Practice 18.02(A), a motion for reconsideration must be filed within ten days of the date of the Supreme Court's decision.

Plaintiff's objections to the Report and Recommendation fail because the prejudice to which he points – the Clerk's rejection of his attempt to file a motion for reconsideration – was not allegedly caused by the BCI defendant's mailroom delay. In other words, it was not the motion for reconsideration which got delayed; it was the legal filings which plaintiff had first attempted to send over a month earlier. According to the Amended Complaint, plaintiff tried to send legal mail to the Ohio Supreme Court on October 25, but he soon discovered that his mail had not been sent. Plaintiff alleges that he paid to have the legal mail sent again on November 3.

Attached to the Amended Complaint is plaintiff's inmate account statement, which shows that he paid for two items to be mailed to the Ohio Supreme Court on November 3, 2023. *See* Doc. 30-1 at PAGEID 292. The Ohio Supreme Court received and docketed those two legal mailings – the motion to supplement and the motion to amend – on November 6, 2023. The Ohio Supreme Court considered and denied his motions on November 28. As the Magistrate Judge observed, the only prejudice alleged in the Amended Complaint was plaintiff's payment of several dollars for postage.

Plaintiff's objections do not allege the date on which he attempted to send his motion for reconsideration. But given that the decision for which he sought reconsideration was not issued until November 28, the alleged mailroom delays from October 25 to November 3 could not have possibly caused his motion for reconsideration to be late. Neither the Amended Complaint nor plaintiff's objections contain factual allegations to support an inference that it was a delay on the part of the BCI defendants which caused his motion for reconsideration to be late.

Moreover, plaintiff has not offered any allegations to support his assertion of actual prejudice from the rejection of his motion for reconsideration. Where alleged prejudice relates to a denied motion for reconsideration, plaintiff must demonstrate that the motion for reconsideration raised new issues or evidence on which he could have prevailed. *See Smith-El v. Steward*, 33 Fed. App'x 714, 717 (6th Cir. 2002). Plaintiff has not attempted to make such a showing in either his Amended Complaint or his objections.[1]

---

[1] Plaintiff's objection about actual prejudice is brief and conclusory. Much of his attention is spent on a separate argument about the BCI defendants committing an alleged federal crime. Unlike his Amended Complaint, which contained plausible factual allegations that his legal mail was delayed in

4

**B.	Count Three**

Plaintiff's objections regarding Count Three are also without merit.  He argues that an entity known as the "National Action Network" has contacted Director Chambers-Smith's office to notify her of the violations of plaintiff's rights while he was housed at MCI, but that she has taken no action to remedy the matter.  Plaintiff cites Ohio Revised Code § 5120.01, which states that the Director is the executive head of the Ohio Department of Rehabilitation and Correction.

The Court finds that plaintiff's argument underscores the correctness of the Magistrate Judge's Report and Recommendation.  In particular, plaintiff has not alleged that Chambers-Smith participated in or directed the alleged misconduct by Laytart and Schifer.  Instead plaintiff improperly seeks to hold Chambers-Smith liable under a theory of respondeat superior.  *See Heyerman*, 680 F.3d at 647.

**IV.	Conclusion**

Accordingly, the Court adopts the Report and Recommendation (Doc. 40), and overrules plaintiff's objections (Doc. 47).  Defendants' motion to dismiss (Doc. 32) is denied in part and granted in part.  Counts Two and Three are dismissed, but plaintiff may proceed with Count One for discrimination and retaliation against defendants Laytart and Schiffer in their individual capacities.

							*s/ James L. Graham*
							JAMES L. GRAHAM
							United States District Judge

DATE: January 13, 2025

---

the BCI mailroom from October 25 to November 3, 2023, his objections contain no factual allegations concerning the motion for reconsideration he sent to the Ohio Supreme Court.

Regarding the alleged federal crime, plaintiff contends that the BCI defendants interfered with his legal mail in this case in April and May of 2024.  In support, plaintiff attempted to file a compact disk as an exhibit to his objections and also as an exhibit to his motion for sanctions.  Plaintiff claims the CD contains evidence of the crime.  Plaintiff's attempt to file the CD is the subject of a pending motion for leave to file (Doc. 52) and an order of the Magistrate Judge requiring plaintiff to serve defendants with copies of the exhibits contained on the CD (Doc. 54).  The Court finds that the purported federal crime is not relevant to the merits of the matters at issue in the Report and Recommendation, and the CD is thus excluded from consideration for purposes of the Court's evaluation of plaintiff's objections.  The Court's finding is without prejudice to potential consideration of the CD by the Court in resolving plaintiff's motion for sanctions.